IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMMUTER RAIL DIVISION OF THE )<br>REGIONAL TRANSPORTATION )<br>AUTHORITY, d/b/a METRA, )<br>)<br>Defendant. ) | Case No. 1:19-cv-07957<br>Judge Jorge L. Alonso<br>Magistrate Judge Gabriel A. Fuentes |

**DEFENDANT'S MOTION FOR LEAVE TO FILE BRIEF IN EXCESS OF FIFTEEN PAGES**

The Commuter Rail Division of the Regional Transportation Authority ("Metra"), by its attorneys, Robert T. Shannon and Adam L. Saper, and pursuant to Local Rule 7.1, moves for leave to file a brief in excess of fifteen pages in support of its motion to alter or amend the Memorandum Order and Opinion dated September 23, 2021 ("Order"). In support of its motion, Metra states as follows:

1. This case involves the future of commuter rail service on three lines between the Ogilvie Transportation Center in Chicago and, respectively: Kenosha, Wisconsin; Harvard, and McHenry, Illinois; and Elburn, Illinois (collectively, the "UP Lines"). Union Pacific Railroad Company ("UP"), pursuant to a Purchase of Service Agreement with Metra, currently operates commuter service on the UP Lines.

2. UP brought this action seeking a declaration that, under federal law, UP does not have a common carrier obligations to provide commuter service, and that federal law preempts any common carrier obligation under state law. Metra filed a motion for leave to file a counterclaim seeking a declaration that, among other things, UP has a contractual obligation to continue to

provide commuter rail service on the UP Lines pursuant to four grant agreements, even if the Court determines that UP does not have a common carrier obligation to provide such service. The parties subsequently filed cross-motions for summary judgment. UP also filed a response in opposition to Metra's motion for leave to file counterclaim.

3. In the Order, he Court granted UP's motion for summary judgment, denied Metra's motion for summary judgment, and denied Metra's motion for leave to file counterclaim. The Court denied Metra leave to file its proposed counterclaim because, in the Court's view, Metra's proposed counterclaim would be futile in light of the Court's determination that UP did not have a common carrier obligation.

4. Metra will be filing a motion to alter or amend the Order by: (1) granting Metra leave to file its proposed counterclaim as it relates to the 2017 Grant Agreement; and (2) granting Metra leave to amend to allow Metra to also plead with respect to a 2021 Grant Agreement entered into on July 12, 2021, long after the parties had completed briefing.

5. Metra's proposed motion to alter or amend is 23 pages in length, due to the need to address the Order, the grants agreements, and relevant caselaw. The issues raised are of great importance to the public. UP has accepted over $44 million between the 2017 and 2021 grant agreements, and its obligations under those contracts require a declaration of rights in light of UP's stated intent to begin discontinuing services thirty days after this Court's ruling on the cross-motions for summary judgment.

6. Given the importance of the issues raised in Metra's motion to amend or alter—including the future of commuter rail service on which tens of thousands of people rely daily—a thorough discussion of the factual and procedural background, and the reasons why the relief Metra seeks is appropriate, is required. Metra must discuss both why the Court should reopen the

judgment pursuant to Rule 59, and why it should then grant Metra leave to file its proposed counterclaim under Rule 15. Metra must therefore discuss the points describe below.

7. First, Metra's motion recites the factual and procedural background.

8. Second Metra's motion recites and discusses the allegations of its proposed counterclaim and the contracts upon which it is based.

9. Third, Metra's motion addresses case law arising under Rule 59, including Metra's contentions that: (1) the Court overlooked and misapplied key factual allegations and exhibits contained in Metra's counterclaim that establish that Metra's counterclaim is not futile; (2) the 2021 Grant Agreement constitutes new evidence; and (3) manifest injustice will result if the order is not altered or amended.

10. Fourth, Metra's motion addresses why it should be granted leave to amend to plead its proposed counterclaim under Rule 15, in light of the July 12, 2021 Grant Agreement.

11. Fifth, Metra has addressed the Court's comments concerning the timelines of Metra's motion for leave to amend.

12. Metra's brief is concise, addressing the foregoing matters within 23 pages.

13. Metra is filing this motion in advance of the deadline for the filing of its motion to alter or amend.

14. The Court has previously granted motions by both parties to exceed the presumptive fifteen page limit. *See* Doc 29, 53, 86.

WHEREFORE, The Commuter Rail Division of the Regional Transportation Authority respectfully requests that the Court enter an order granting Metra leave to file a motion to amend or alter of up to 23 pages in length, and for any other relief that the Court deems necessary and proper.

        Respectfully submitted,

        **The Commuter Rail Division of the Regional Transportation Authority**

        By: */s/ Adam L. Saper*
        One of Its Attorneys

Robert T. Shannon
rshannon@hinshawlaw.com
Adam L. Saper
asaper@hinshawlaw.com
Hinshaw & Culbertson LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinoi 60601
(312) 704-3000

4

1026844\309317500.v1

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing instrument was served on all parties of record on October 15, 2021, via ECF.

By:   */s/Adam L. Saper*
              Attorney for Metra