UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD CO., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-7957 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| THE REGIONAL TRANSPORTATION AUTHORITY AND ITS COMMUTER RAIL DIVISION, d/b/a METRA, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The motion [110] to alter or amend the judgment is denied. This case remains closed.

## STATEMENT

A "district court's 'opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *A&C Constr. and Installation Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). Nonetheless, defendant has filed a motion to alter or amend the judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. To obtain relief under Rule 59(e), a party must "demonstrate a manifest error of law or fact or present newly discovered evidence." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). Such a motion is not, however, a second bite at the apple. A Rule 59(e) motion is "not to be used to 'rehash' previously rejected arguments," *Vesely*, 762 F.3d at 666, and "it certainly does not allow a party to . . . advance arguments that could and should have been presented to the district court prior to the judgment," *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Relief under Rule 59(e) is "extraordinary" and "reserved for the exceptional case." *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021). This is not such a case.

Defendant wants the judgment altered in two ways. First, defendant would like the Court to allow it to bring a breach of contract claim based on a 2017 agreement. Before the Court entered judgment, defendant had asked the Court to allow such a claim. Second, defendant also asks the Court to allow defendant to add a claim for breach of contract based on a 2021 agreement, which, according to defendant "contains the same obligation to continue operating commuter service" as does the 2017 agreement. [Docket 110 at 2]. Defendant did not request permission to add such a claim before the Court entered judgment.

Defendant argues as if it were trying to amend its answer, but, at least with respect to its claim based on the 2021 agreement, it is attempting to *supplement* its answer. According to

defendant, the 2021 agreement was signed in July 2021, which is to say *after* defendant filed its answer. Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, a court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). As the Seventh Circuit has explained, "there is no absolute right to expand the case in this way; the district court has substantial discretion either to permit or to deny such a motion." *Chicago Regional Council of Carpenters v. Village of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011).

The Court will not alter or amend the judgment in order to allow defendant to add a counterclaim for breach of the 2021 agreement. The Court could not have made a manifest error in not allowing that counterclaim, because defendant never asked the Court to add that claim. Defendant's motion [67] for leave to file an amended answer did not mention any claim based on the 2021 agreement. The Court could not have made a manifest error in not allowing something defendant never asked for. The post-judgment request to add such a claim came far too late. This Court is not going to disrupt a final judgment in order to allow a defendant to add a belated claim.[1] The request is denied.

Although the Court will not allow defendant to add to this case a claim based on the 2021 agreement, the defendant is not out of luck on such a claim. That claim necessarily accrued after plaintiff filed its original complaint in November 2019 and after defendant filed its answer. Accordingly, such a claim is not a compulsory counterclaim, and defendant is free to pursue the claim in separate litigation. *See Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 361 (7th Cir. 1990). In *Harbor*, the Seventh Circuit explained:

> A compulsory counterclaim is compulsory; unless set forth in the answer to the complaint it is waived. It would be bizarre to attach such a sanction to a counterclaim that could not have been filed with the answer because it did not exist when the answer was due. Rule 13(a) is therefore by its very terms confined to 'claim[s] which at the time of serving the pleading the pleader has against any opposing party,' normally the plaintiff. Rule 13(e) allows such claims, with the court's permission, to be added later. The reason that permission is required is that the course of the litigation may be unduly disrupted if new claims are belatedly injected; in that case permission will be denied and the defendant can bring his claim as an independent lawsuit.

*Harbor*, 922 F.2d 360-61 (internal citations omitted).

With respect to the counterclaims defendant actually asked the Court to allow before final judgment had entered, defendant argues the Court erred only with respect to the claim based on the 2017 agreement. In denying leave to add that claim, the Court explained that the amendment came too late (discovery had closed and the summary judgment schedule was set) and also that

---

[1] A court "not only may but should consider the likelihood that the new claim is being added in a desperate effort to protract the litigation and complicate the defense; its probable merit; whether the claim could have been added earlier; and the burden on the defendant of having to meet it." *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).

the amendment was futile. Defendant points out that the Court did not consider every provision in the 2017 agreement in concluding that amendment would be futile.

Assuming defendant is correct that the amendment would not have been futile because plaintiff may have breached other provisions of the 2017 agreement, that does not change the Court's conclusion that the request came too late. If defendant's claim based on the 2017 agreement was a compulsory counterclaim, then defendant should have filed the claim when it filed its answer. In that case, this Court neither abused its discretion nor made a manifest error of law in denying leave to amend. If, on the other hand, the claim was an after-acquired claim, then defendant was (and still is) at liberty to bring that claim in a separate suit. Either way, there is no point disturbing the judgment in order to add that claim now.

The motion [110] to alter or amend the judgment is denied.

**SO ORDERED.**    ENTERED: February 17, 2022

_____
**HON. JORGE ALONSO**
**United States District Judge**